JONES DAY
Darren K. Cottriel (State Bar No. 184731)
dcottriel@jonesday.com
Tyler Fields (State Bar No. 341037)
tfields@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:  +1.949.851.3939
Facsimile:  +1.949.553.7539

Patrick Haney (State Bar No. 266399)
phaney@jonesday.com
51 Louisiana Avenue, N.W.
Washington, DC 20001.2113
Telephone:  +1.202.879.3939
Facsimile:  +1.202.626.1700

*Attorneys for Defendant
Reynolds American Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VANESSA BELL, DESTINEY MURRAH, and SEAN NUGENT, individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS VAPOR COMPANY, R.J. REYNOLDS TOBACCO COMPANY, REYNOLDS AMERICA INC., and BRITISH AMERICAN TOBACCO P.L.C.,<br><br>Defendants. | Case No. 3:25-cv-04521-TLT<br><br>**REYNOLDS AMERICAN INC.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>*[Concurrently filed with Declaration of Alden Smith and [Proposed] Order]*<br><br>Date:  Feb. 3, 2026<br>Time:  2:00 p.m.<br>Place:  Courtroom 9, 19th Floor<br>Judge: Honorable Trina L. Thompson<br><br>FAC Filed: Sept. 30, 2025 |

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that, on February 3, 2026 at 2:00 PM, or as soon thereafter as the matter may be heard before the Honorable Trina L. Thompson, in Courtroom 9, 19th floor, Defendant Reynolds American Inc. ("RAI") will and hereby does move to dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction as to RAI. RAI brings this motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Alden Smith in support thereof, any reply memorandum RAI may file, any arguments of counsel, and any other matter that the Court deems appropriate.

Dated: October 21, 2025

Respectfully submitted,

JONES DAY

*/s/ Darren K. Cottriel*
Darren K. Cottriel

*Attorney for Defendant
Reynolds American Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................... 1
STATEMENT OF THE ISSUE TO BE DECIDED .................................................................. 2
FACTUAL BACKGROUND ..................................................................................................... 2
LEGAL STANDARD ................................................................................................................. 3
ARGUMENT .............................................................................................................................. 4
I.   RAI is not subject to general jurisdiction in California. .................................................... 4
II.  RAI is not subject to specific jurisdiction in California. ................................................... 5
    A.  RAI has neither purposefully availed itself of the privileges of conducting business in California nor purposefully directed its activities toward California. ............................. 6
    B.  Plaintiffs' claims do not arise out of any activities by RAI relating to California ............... 9
CONCLUSION ........................................................................................................................ 10

REYNOLDS AMERICAN INC.'S
12(b)(2) MTD                                         i                             Case No. 3:25-cv-04521-TLT

# TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 7

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995) ..................................................................................................... 6

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ................................................................................................... 3

*Briskin v. Shopify, Inc.*,
    135 F.4th 739 (9th Cir. 2025) .................................................................................................... 8

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .................................................................................................................. 4

*Dino Moody v. Textron Inc.*,
    No. 2:25-cv-01032, 2025 WL 2828109 (C.D. Cal. Sept. 24, 2025) ......................................... 9

*Easter v. Am. W. Fin.*,
    381 F.3d 948 (9th Cir. 2004) ..................................................................................................... 4

*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op*,
    17 F.3d 1302 (10th Cir. 1994) ................................................................................................... 8

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) .................................................................................................................. 5

*Gonzales v. Palo Alto Labs, Inc.*,
    No. 10-cv-2456, 2010 WL 3930440 (N.D. Cal. Oct. 6, 2010) ................................................. 8

*Hull v. Reynolds Am. Inc.*,
    No. 16-cv-387, 2017 WL 11508195 (E.D. Okla. June 21, 2017) ............................................. 1

*Impossible Foods Inc. v. Impossible X LLC*,
    80 F.4th 1079 (9th Cir. 2023) ............................................................................................ passim

*In re Boon Glob. Ltd.*,
    923 F.3d 643 (9th Cir. 2019) ..................................................................................................... 7

*In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*,
    288 F. Supp. 3d 1087 (D.N.M. 2017) ............................................................................... 1, 5, 9

*Ivy Bridge Univ., LLC v. Higher Learning Comm'n*,
    No. 15-CV-02187, 2015 WL 6555428 (N.D. Cal. Oct. 28, 2015) ............................................ 5

*Laflower v. Altria Group, Inc.*,
    No. 3:10-cv-00227 (M.D. Fla. Mar. 25, 2014), Dkt. No. 65 ..................................................... 1

*Marek v. Molson Coors Bev. Co.*,
　580 F. Supp. 3d 848 (N.D. Cal. 2022) .................................................................................. 9

*Martinez v. Aero Caribbean*,
　764 F.3d 1062 (9th Cir. 2014) ........................................................................................ 4, 5

*Pebble Beach Co. v. Caddy*,
　453 F.3d 1151 (9th Cir. 2006) ............................................................................................ 7

*Ranza v. Nike, Inc.*,
　793 F.3d 1059 (9th Cir. 2015) ............................................................................................ 3

*Ruhrgas AG v. Marathon Oil Co.*,
　526 U.S. 574 (1999) ............................................................................................................ 2

*Rupert v. Bond*,
　68 F. Supp. 3d 1142 (N.D. Cal. 2014) ................................................................................ 4

*Schwarzenegger v. Fred Martin Motor Co.*,
　374 F.3d 797 (9th Cir. 2004) .............................................................................................. 4

*Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.*,
　No. 22-cv-03603, 2023 WL 2324291, (N.D. Cal. Feb. 16, 2023) (unpublished) ............. 5, 9

*Scott v. Breeland*,
　792 F.2d 925 (9th Cir.1986) ............................................................................................... 4

*Stewart v. Screen Gems-EMI Music, Inc.*,
　81 F. Supp. 3d 938 (N.D. Cal. 2015) .................................................................................. 3

*Taft v. Nabisco*,
　No. 15-cv-2685, 2015 WL 12819144 (C.D. Cal. June 4, 2015 ........................................... 1

*Terracom v. Valley Nat. Bank*,
　49 F.3d 555 (9th Cir. 1995) ................................................................................................ 3

*Wines v. Lake Havasu Boat Mfg., Inc.*,
　846 F.2d 40 (8th Cir. 1988) ................................................................................................ 8

**RULES**

Fed. R. Civ. P. 4 ........................................................................................................................... 4

Fed. R. Civ. P. 12 ......................................................................................................................... 2

**INTRODUCTION**

Plaintiffs in this putative class action claim that they were misled by the use of the term "carbon neutral" in marketing Vuse e-cigarette products. They assert claims against four entities in connection with the use of those terms: British American Tobacco p.l.c. ("BAT"); one of BAT's indirect subsidiaries, Reynolds American Inc. ("RAI"); and two of RAI's indirect subsidiaries, R.J. Reynolds Vapor Company ("RJRV") and R.J. Reynolds Tobacco Company ("RJRT").

RAI, however, is not subject to this Court's jurisdiction. As Plaintiffs recognize, RAI "is a holding company" incorporated and headquartered in North Carolina. First Am. Compl. ¶¶ 16, 20 (ECF 55) ("FAC"); *see also* Decl. of Alden Smith ¶ 3 ("Smith Decl.") (Ex. A). There is no allegation that RAI has *any* physical presence in California or engaged in *any* business here. Nor can there be, as RAI does *not* engage in any business activities in California—let alone activities so substantial as to render it "essentially at home" in California. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) (citation omitted). It thus is not subject to general jurisdiction in this Court.

Nor is RAI subject to specific jurisdiction here. Plaintiffs do not adequately allege that RAI has any involvement in the marketing or sale of Vuse products. Nor can they, because RAI—again, a holding company—is not engaged in the marketing or sale of *any* products, including the products at issue here. RAI has separate, legally distinct subsidiaries that market and sell products (including RJRV and RJRT, who are sued in this case). Plaintiffs thus cannot show that RAI has purposefully availed itself of the benefits of California law or purposefully directed its activities toward California—let alone that their claims arise out of such (non-existent) California-centric activities.

The foregoing ends the jurisdictional analysis. Indeed, courts have regularly dismissed RAI from similar suits filed outside North Carolina for lack of personal jurisdiction. *See, e.g.*, *Taft v. Nabisco*, No. 15-cv-2685, 2015 WL 12819144, at *2 (C.D. Cal. June 4, 2015) ("Plaintiff has not established that RAI is subject to personal jurisdiction in California."), *aff'd*, 675 F. App'x 796 (9th Cir. 2017); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1207 (D.N.M. 2017); *Hull v. Reynolds Am. Inc.*, No. 16-cv-387, 2017 WL 11508195, at *2 (E.D. Okla. June 21, 2017); Order, *Laflower v. Altria Group, Inc.*, No. 3:10-cv-

00227 (M.D. Fla. Mar. 25, 2014), Dkt. No. 65.

The Court thus should dismiss all claims against RAI for lack of personal jurisdiction.[1]

## STATEMENT OF THE ISSUE TO BE DECIDED

RAI is neither incorporated nor headquartered in California. And as a holding company, it has no role in marketing or selling any products, including the Vuse products whose marketing is at issue here. Does the Court lack personal jurisdiction over RAI?

## FACTUAL BACKGROUND

This case is about the marketing of Vuse vapor products. Plaintiffs allege that those products were deceptively marketed as "carbon neutral." *E.g.*, FAC ¶ 2. They do not dispute that Defendants directly reduced the carbon emissions associated with those products, nor do they dispute that Defendants invested in sufficient carbon-offset credits to counterbalance the remaining emissions, as certified by an independent entity with expertise in the carbon-offset market. *Id.* ¶ 3. But Plaintiffs claim that the marketing of those products as "carbon neutral" was nonetheless deceptive because, according to their own view of the projects from which the carbon-offset credits were derived, those projects did not in fact yield the benefits that independent experts had certified. *Id.* ¶¶ 4-5, 50-84.

Plaintiffs' allegations as to RAI, in particular, are sparse. As they recognize, RAI "is a holding company." *Id.* ¶ 16. And although they allege that RAI's "operating subsidiaries, including RJRV and RJRT, manufacture and sell tobacco and nicotine products," Plaintiffs do not claim that RAI itself manufactures or sells anything. *Id.* Plaintiffs also attribute all of the challenged representations to Defendants *other than* RAI. *Id.* ¶¶ 41-46 (challenging representations that they attribute to BAT, RJRV, and RJRT, including (1) representations on BAT's website and social-media account; and (2) on "the Vuse website" and "Vuse's social media accounts," both of which

---

[1] The Court must decide personal jurisdiction *before* any further proceedings regarding RAI. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction … is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (cleaned up)). In the event that the Court concludes that personal jurisdiction exists and denies this Motion, RAI requests in the alternative that the Court dismiss the claims against it for the reasons set forth in the concurrently filed Motion to Dismiss First Amended Complaint for Failure to State a Claim. RAI does not, in joining that Motion, waive its argument that it should be dismissed for lack of personal jurisdiction.

1   Plaintiffs allege are "operated by RJRV and RJRT"). And they do not specifically mention RAI
2   anywhere in the "Facts" section of the First Amended Complaint, or in any of the Causes of Action.

3   Nor do Plaintiffs allege that RAI has any real connection to California. They acknowledge
4   that "RAI is incorporated in North Carolina and has its principal place of business in North
5   Carolina." *Id.* ¶ 20. And although Plaintiffs generically assert that *all* Defendants "purposefully
6   avail themselves of the California market" by "sell[ing] the Products to distributors and retailers
7   throughout California," they nowhere allege that RAI—again, "a holding company"—has any role
8   in selling any products, in California or anywhere else. *Id.* ¶¶ 16, 21.

9   Plaintiffs also allege that RAI is indirectly owned by BAT, and that RAI's supposed
10  "contacts with this forum"—as well as RJRV's and RJRT's contacts—"should be imputed to BAT"
11  for purposes of establishing personal jurisdiction *over BAT*. *Id.* ¶¶ 2, 17, 21. Among other things,
12  they allege that "BAT reports on RAI's financials in BAT's annual report," and that "[j]ob
13  applicants can submit applications to RAI positions in the United States (including in California)
14  on BAT's website." *Id.* ¶ 21. But Plaintiffs do not allege that RAI *has* any "contacts with this
15  forum" that could be imputed to BAT. *Id.* Nor do they allege that any supposed contacts that *BAT*
16  has with this forum can be imputed to RAI, or that RJRV's or RJRT's contacts with this forum can
17  be imputed to RAI.[2] Instead, they exclusively seek to establish personal jurisdiction over RAI based
18  on its own supposed contacts with California.

19  **LEGAL STANDARD**

20  When a defendant challenges personal jurisdiction, "the plaintiff bears the burden of
21  establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).
22  When adjudicating such a motion, the Court "may consider extrinsic evidence—that is, materials
23  outside of the pleadings, including affidavits submitted by the parties." *Stewart v. Screen Gems-*
24  *EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015). In response, Plaintiffs "may not simply
25  rest on the 'bare allegations of [their] complaint.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th
26  Cir. 2015) (citation omitted); *see also Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir.

---

[2] RAI does not concede that BAT, which is similarly moving to dismiss for lack of personal jurisdiction, is subject to personal jurisdiction in this Court.

1995) (dismissal appropriate where plaintiffs' assertion of jurisdiction is based on "bare allegations in the face of specific denials" (citation omitted)). Instead, they "must 'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014) (quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986)).

**ARGUMENT**

RAI is not subject to personal jurisdiction in this Court. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)). California's long-arm jurisdictional statute "is coextensive with federal due process requirements," which means that "the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800-01. Under that analysis, "a defendant may be subject to either general or specific personal jurisdiction." *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). RAI is subject to neither form of jurisdiction.

**I.     RAI is not subject to general jurisdiction in California.**

Plaintiffs do not plausibly allege that the Court has general jurisdiction over RAI. Nor could they.

"A court may exercise general jurisdiction only when a defendant is essentially at home in the State." *Impossible Foods*, 80 F.4th at 1086 (cleaned up). This is a "demanding" standard. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014). "Only in an 'exceptional case' will general jurisdiction be available anywhere" other than "a corporation's place of incorporation and principal place of business." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)).

Like *Martinez*, "[t]his is not such an exceptional case." *Id.* As Plaintiffs recognize, "RAI is incorporated in North Carolina and has its principal place of business" there. FAC ¶ 20. Further, as set forth in the accompanying declaration of Alden Smith (the "Smith Declaration"), RAI does not have—and has never had—property, employees, or a registered agent for service of process in

1  California. Smith Decl. ¶¶ 8-9, 11.[3] Nor has RAI ever been registered to do business in California
2  or paid taxes to California. *Id.* ¶¶ 12-13. It similarly has never maintained offices, records, places
3  of businesses, telephone listings, mailing addresses, or bank accounts in California. *Id.* ¶¶ 14-16.
4  *See Ivy Bridge Univ., LLC v. Higher Learning Comm'n*, No. 15-CV-02187, 2015 WL 6555428, at
5  *3 (N.D. Cal. Oct. 28, 2015) (finding no general jurisdiction because the non-resident defendant
6  has "no offices or staff in California, is not registered to do business in the state, has no registered
7  agent for service of process in the state, and pays no California state taxes."); *see also Sinatro v.*
8  *Mrs. Gooch's Nat. Food Mkts., Inc.*, No. 22-cv-03603, 2023 WL 2324291, at *4 (N.D. Cal. Feb.
9  16, 2023) (Thompson, J.) (unpublished) (finding allegations that the parent company indirectly
10 owned and operated the subsidiary companies "insufficient to establish general jurisdiction").
11 Plaintiffs are thus right to not even try alleging that RAI has contacts with California that "are so
12 constant and pervasive as to render it essentially at home in the state." *Martinez*, 764 F.3d at 1060
13 (cleaned up).

So, based on the lack of allegations in the First Amended Complaint and the indisputable facts in the Smith Declaration, general jurisdiction is off the table. *See, e.g.*, *Santa Fe*, 288 F. Supp. 3d at 1213-14 ("The Court agrees with the Defendants that it cannot assert general personal jurisdiction over [RAI] except for the Plaintiffs' claims that were filed in North Carolina.").[4]

## II.     RAI is not subject to specific jurisdiction in California.

Plaintiffs try alleging that the Court has specific jurisdiction over RAI. But they cannot carry their burden.

"Specific jurisdiction 'covers defendants less intimately connected with a State, *but only as to a narrower class of claims*.'" *Impossible Foods*, 80 F.4th at 1086 (emphasis added) (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). The Ninth Circuit

---

[3]  Plaintiffs assert that RAI "posts job postings on BAT's website for roles in California," and link to a page on BAT's website advertising a position as "Territory Manager—California." FAC ¶ 16. That position is not for a job with RAI. Smith Decl. ¶ 10.

[4]  The *Santa Fe* decision arose from an MDL proceeding involving some actions that had been transferred from North Carolina district courts, and some actions transferred from other district courts. Because "jurisdiction in an MDL is coextensive with the transferor courts' jurisdiction," the court held that RAI was subject to general jurisdiction for purposes of those claims filed in North Carolina—but not for claims "originally filed in other states." *Id.* at 1213-14.

has "[d]istill[ed] Supreme Court precedent" as "articulat[ing] three requirements for establishing specific jurisdiction over a non-resident defendant":

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (citation omitted; line breaks added). Plaintiffs "bear[] the burden on the first two prongs." *Id.* at 1086-87. Only if those are met "must [RAI] come forward with a 'compelling case' that exercise of jurisdiction would not be reasonable." *Id.* at 1087 (citation omitted).

Plaintiffs cannot carry their burden on *either* of those first two prongs. They barely even attempt to do so, only baldly asserting that all Defendants—not RAI specifically—"purposefully avail themselves of the California market" and that "Plaintiffs' claims arise from that conduct." FAC ¶ 21. This is nowhere near enough—nor could Plaintiffs allege anything more.

### A. RAI has neither purposefully availed itself of the privileges of conducting business in California nor purposefully directed its activities toward California.

Both the "purposeful availment" and the "purposeful direction" standards serve a common purpose: "ensuring that defendants are not 'haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.'" *Impossible Foods*, 80 F.4th at 1089 (citation omitted). But as to RAI, that is exactly what Plaintiffs seek to do.

**No purposeful availment.** Plaintiffs do not—and cannot—adequately allege that RAI purposefully availed itself of the benefits of conducting business in California. To be sure, they assert in conclusory fashion that *all* Defendants did so. FAC ¶ 21. But they make no attempt at substantiating that allegation as to *RAI*. Nor can they.

Purposeful availment occurs when "the defendant has taken deliberate action *within the forum state* or … has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (emphasis added). "Evidence of availment is typically action taking

place *in the forum* that invokes the benefits and protections of the laws *in the forum*." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (emphases added). Where all of a defendant's alleged conduct "is action taking place outside the forum," it does not amount to purposeful availment. *Id.* at 1156.

Here, as in *Pebble Beach*, Plaintiffs do not allege *any* conduct by RAI that took place *in California*. The most they offer is the generic allegation that *all* "Defendants sell the Products to distributors and retailers throughout California." FAC ¶ 21. That conclusory allegation cannot be credited. *See, e.g.*, *In re Boon Glob. Ltd.*, 923 F.3d 643, 654 (9th Cir. 2019) ("Conclusory allegations … are insufficient to confer personal jurisdiction."); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (at the pleading stage, "threadbare recitals" and "mere conclusory statements" do not suffice). And as to RAI, that allegation is in any event untrue. RAI "does not manufacture, design, advertise, market, package, sell, distribute, or place into the stream of commerce any products—including Vuse Solo, Vuse Vibe, Vuse Ciro, and Vuse Alto (collectively 'Vuse products')—and never has engaged in any of those activities." Smith Decl. ¶ 4. Again, RAI is a holding company, not an operating company. *Id.* ¶ 3. It also does not derive any revenue from the sale of Vuse products (or, for that matter, any other products). *Id.* Accordingly, this Court must "reject [Plaintiffs'] assertion that [RAI] has availed [it]self of the jurisdiction of the district court." *Pebble Beach Co.*, 453 F.3d at 1156.

**No purposeful direction.** Plaintiffs do not even try alleging that RAI "purposefully direct[ed] [its] activities toward" California. *Impossible Foods*, 80 F.4th at 1086 (citation omitted). They are right not to try.

The purposeful-direction standard asks "whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there." *Id.* at 1088. But Plaintiffs do not allege that RAI aimed *any* acts at California. Again, their threadbare assertion that *all* Defendants sell the relevant products does not suffice—and is untrue as far as RAI is concerned. RAI does not manufacture or sell any products, and does not contract to supply goods in California. Smith Decl. ¶¶ 4, 7.

Plaintiffs get no closer with their similarly imprecise allegation that all Defendants "touted

the Products as 'carbon neutral'" and "dedicat[ed] substantial marketing efforts to highlighting this purported environmental achievement." FAC ¶ 2. Nowhere in their First Amended Complaint do Plaintiffs allege that RAI, in particular, has *any* involvement in marketing Vuse (or any other) products; that RAI made any of the challenged representations; that any of those representations appeared on websites or social-media accounts maintained by RAI; or that RAI has any involvement in environmental initiatives. And any such allegations would be false: Again, RAI does not market or sell any products (including the Vuse products). Smith Decl. ¶ 4. Nor has it ever been "involved in the development or execution of the marketing of Vuse products, including use of the term 'carbon neutral.'" *Id.* ¶ 5. RAI also has never acted as RJRV's, RJRT's, or BAT's agent to perform any of those tasks—indeed, it has never even had the authority to do so. *Id.* ¶¶ 18, 21-22. RAI also does not control or operate the Vuse website, Vuse social media accounts, or any websites or social-media accounts of BAT, RJRV, or RJRT. *Id.* ¶¶ 19, 23; *see also* FAC ¶ 44 (alleging that the Vuse website and social media accounts are "operated by RJRV and RJRT"). And RAI has never been involved in any environmental initiatives in connection with Vuse. Smith Decl. ¶ 6.[5]

Even if RAI *did* have some involvement in marketing more generally, that would not be enough. The Ninth Circuit has stressed that "'something more' than mere passive nationwide accessibility [is] required to show express aiming at the forum state." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 752 (9th Cir. 2025). And other courts have consistently recognized that mere involvement in nationwide marketing and advertising "does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op*, 17 F.3d 1302, 1305 (10th Cir. 1994); *see also Wines v. Lake Havasu Boat Mfg., Inc.*, 846 F.2d 40, 43 (8th Cir. 1988) (holding that "advertising … [a] product in a nationally distributed trade publication which is circulated in [the forum]" is insufficient for the forum state to "constitutionally assert jurisdiction on the basis of [the] advertising"); *Gonzales v. Palo Alto Labs, Inc.*, No. 10-cv-2456, 2010 WL 3930440, at *5

---

[5] Plaintiffs allege that "RAI reports on its and its subsidiaries' sustainability efforts." FAC ¶ 16. But the report that they cite says nothing about carbon-offset efforts in connection with Vuse. *Sustainability Summary 2024*, https://tinyurl.com/mw8ybxha.

(N.D. Cal. Oct. 6, 2010) ("[A]dvertisements in national magazines do not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser.") (citing, inter alia, *Kootenai Elec. Co-op*, 17 F.3d at 1305; *Wines*, 846 F.2d at 43); *Santa Fe*, 288 F.Supp.3d at 1214 (noting that only "[m]ore explicit allegations demonstrating that Reynolds American targeted a *specific* state with its publications could potentially establish that it directed its activities at those states" (emphasis added)); *Dino Moody v. Textron Inc.*, No. 2:25-cv-01032, 2025 WL 2828109 at *5 (C.D. Cal. Sept. 24, 2025) (holding that "operating a nationally accessible website that includes a search bar and listing three California jobs" is not alone "sufficient to constitute express targeting").

Plaintiffs therefore do not and cannot plausibly allege that RAI purposefully availed itself of California law or purposefully directed its activities toward California.

**B.   Plaintiffs' claims do not arise out of any activities by RAI relating to California.**

Plaintiffs also do not plausibly allege that their claims "arise out of or relate to" RAI's California-related activities. *Impossible Foods*, 80 F.4th at 1091-92. This requirement looks to "the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts." *Id.* at 1091 (citation omitted). But here, Plaintiffs do not and cannot plausibly allege that RAI has *any* contacts specifically with California. So they obviously cannot allege that their claims arise out of those non-existent contacts.

\*   \*   \*

Because Plaintiffs have not met their burden on either of the first two prongs of the specific-jurisdiction test, "personal jurisdiction is not established in [California]." *Marek v. Molson Coors Bev. Co.*, 580 F. Supp. 3d 848, 854 (N.D. Cal. 2022). The burden thus never shifts to RAI to show that the exercise of specific jurisdiction over it would be unreasonable—though it would be. *See Impossible Foods*, 80 F.4th at 1099 (enumerating the seven factors the Ninth Circuit considers when evaluating reasonableness). Among other things, RAI has in no way "purposeful[ly] interject[ed] [itself] into [California's] affairs." *Supra* § II.A; *see also Sinatro*, 2023 WL 2324291, at *6 (Thompson, J.) (finding no specific jurisdiction where the defendant's affidavit contravened

the plaintiffs' factual allegations). Additionally, "an alternative forum" clearly exists in which RAI can be sued—but there is no need for that here, given that RJRV and RJRT do not contest the Court's jurisdiction over them. *Id.* (citation omitted).

## CONCLUSION

The Court lacks personal jurisdiction over RAI. Plaintiffs' claims against RAI should therefore be dismissed with prejudice.

Dated: October 21, 2025                    JONES DAY


                                           */s/ Darren K. Cottriel*
                                           Darren K. Cottriel
                                           Patrick Haney
                                           Tyler Fields

                                           *Attorneys for Defendant*
                                           *Reynolds American Inc.*