UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> R.J. REYNOLDS VAPOR COMPANY, et al., <br><br> Defendants. | Case No. 25-cv-04521-TLT <br><br> **SUPPLEMENTAL QUESTION FOR HEARING REGARDING THE MOTION TO DISMISS AND LACK OF SUBJECT MATTER JURISDICTION** <br><br> Re: Dkt. Nos. 58, 62, 66 |

Please provide a response to the following questions during the hearing for the designated parties. Defendants R.J. Reynolds Vapor Company and R.J. Reynolds Tobacco Company are collectively referred to as "Reynolds" herein. Defendant British American Tobacco p.l.c. is referred to as "BAT" herein:

**[TO PLAINTIFFS AND REYNOLDS]:**

1. What is the controlling legal or regulatory definition of "carbon neutrality" applicable to consumer marketing within the context of the instant matter? *See* ECF 55 ¶ 32-35.

    a. Specifically, does the term, as communicated to a reasonable consumer, imply a total absence of carbon emissions, or is it understood in the relevant market to permit the attainment of such status through the third-party verified offsets?

2. "Third-party certification does not eliminate a marketer's obligation to ensure that it has substantiation for all claims reasonably communicated by the certification." 16 C.F.R. § 260.6(c); ECF 55 ¶ 40.

    a. Please clarify the extent of Reynolds's obligation to ensure the factual substantiation of their carbon neutrality claim notwithstanding their reliance upon third-party certifications.

**COUNTS ONE TO THREE–VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA UNFAIR COMPETITION LAW, AND CALIFORNIA FALSE ADVERTISING LAW**

3. Under the reasonable consumer standard, plaintiffs must show "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).

    a. **[TO PLAINTIFFS]**

    If you agree with this standard, please identify facts pleaded in the First Amended Complaint to show that a "significant portion" of the public would find the "carbon neutral" label to be materially deceptive.

    If you do not agree with this standard, please cite legal authority and the operative facts pleaded in the First Amended Complaint.

    b. **[TO REYNOLDS]**

    If you agree with this standard, please discuss why a "significant portion" of the public would not find the "carbon neutral" label to be materially deceptive.

    If you do not agree with this standard, please cite legal authority for the applicable standard and any argument in support thereof. ECF 62.

**COUNT FOUR–BREACH OF EXPRESS WARRANTY**

**[TO PLAINTIFFS]**

4. Please identify the specific, unequivocal written statement in Defendants' marketing materials where they expressly warrant that their products are "carbon neutral," meaning they result in no net addition of carbon dioxide into the atmosphere. *See* ECF 55 ¶ 142.

**COUNT FIVE–BREACH OF IMPLIED WARRANTY**

**[TO PLAINTIFFS]**

5. Please identify the specific, unequivocal written statement in Defendants' marketing materials where they "promised" the products resulted in carbon neutrality under your

definition above, as opposed to a description of the products having achieved a "carbon neutral" status via third-party certifications.  See ECF 55 ¶¶ 92-93, 153.

**JURISDICTIONAL DISCOVERY [ECF 66]**

6. In the event that the Court considers granting the Plaintiffs' request for jurisdictional discovery to resolve whether personal jurisdiction exists over BAT (ECF 66,).  Please address the following: :

    a. **[TO PLAINTIFFS]** What specific categories of discovery materials or evidence do you anticipate?

    b. **[TO BAT]** What prejudice would BAT anticipate facing?

The parties are encouraged, but not required, to provide written responses in advance to allow for additional time for oral argument.

IT IS SO ORDERED.

Dated: January 29, 2026

_____
TRINA L. THOMPSON
United States District Judge